THE PATERSON, NEWARK AND NEW YORK RAILROAD COMPANY, PROSECUTOR, v. TOWN OF BELLEVILLE ET AL., RESPONDENTS.

Argued January 20, 1938—Decided March 21, 1938.

Before Justices TRENCHARD and PARKER.

For the prosecutor, *George S. Hobart* and *John J. Gaffey*.

For the town of Belleville, *Lawrence E. Keenan*.

The opinion of the court was delivered by

PARKER, J.  There are two principal questions in the case; one is legal and the other factual.  The legal question is whether a street improvement made in front of lands owned by the prosecutor is a proper subject of assessment against the prosecutor under the so-called Home Rule act of 1917 as a local improvement; and the factual question is whether Cortlandt Street, on which the lands of the prosecutor abut, is an unimproved road in the sense intended by the statute in reliance on which the proceeding was instituted.  That statute in its inception was chapter 217 of the laws of 1916.  *Pamph. L., p.* 440.  The title of the act was, "An act to provide for the proper construction, grading and drainage of

the unimproved township roads of the state and to provide state aid therefor." This act of 1916 has been amended and supplemented many times. The title itself has been amended at least three times, the last amendment apparently being chapter 421 of the laws of 1933. *Pamph. L., p.* 1140. The first section originally provided that there should be set aside annually from the net receipts of the motor vehicle fund $105,000, to be used to meet the state's share of the cost of the work thereinafter prescribed. This section has been amended at least seven times, usually by way of increasing the amount of the fund, which by the laws of 1931 (*Pamph. L., p.* 980) had been raised to $2,100,000. The act stated broadly and in general terms that it was an act for state aid to municipalities; originally townships, but enlarged to include towns, villages, boroughs, and also certain cities; and by section 5 of the original act the share of the cost to be assumed by the state should not exceed fifty per cent. of the cost of the actual work. This percentage was gradually increased by several amendments until in 1933 (*Pamph. L., p.* 294) it had become ninety per cent.

The writ brings up three ordinances, only the first of which may be specifically considered, the other two being merely supplemental.

The first ordinance adopted September 7th, 1937, is entitled: "An ordinance providing for the improvement of Cortlandt Street from Mill Street to Little Street (excepting that part from Belleville Avenue to Joralemon Street) and providing for the issuance of bond anticipation notes to finance said improvement. Said improvement is to be made pursuant to the provisions of chapter 217, *Pamph. L.* 1916, and the amendments and supplements thereto, and providing for the financing of the cost thereof." It reads in the preamble that it is proposed to improve a specific portion of Cortlandt Street, that the estimated cost is $25,000, that it is proposed to make application to the state highway commission for aid in the amount of ninety per cent. of this cost pursuant to the act of 1916 and amendments and supplements thereto; and enacts, among other things, that the town is

to issue bond anticipation notes for $23,750; and section 7, which is the important section for present purposes, is as follows:

"The within improvement shall constitute a local improvement and the cost thereof shall be assessed against the abutting property to the extent of the benefits received from said improvement. It is hereby stated that the number of annual installments in which the special assessments on account of such improvement may be paid shall be five. It is hereby determined that the municipality at large will contribute no part of the payment of the cost of the within local improvement."

It is clear, therefore, that what was proposed was, first, that state aid of ninety per cent. should be secured, and, secondly, by section 7 that the cost of the improvement shall be assessed against abutting property to the extent of benefits received and that the municipality at large will pay no part of this cost; the money received from the state and from other sources to be applied to the bond anticipation notes.

It is stipulated in lieu of depositions that the prosecutor is the owner of about three hundred and fifty-eight feet abutting on the section of the street which is to be improved; that this property is third-class railroad property and hence assessable by local taxing authorities; that this part of Cortlandt Street has at the present time a paved surface consisting of penetration macadam seven inches thick, which, in the opinion of the town engineer, is in need of reconstruction, said road having been laid twenty-five years ago; and that it is proposed to replace this with a new pavement, the character of which is stated but need not be repeated here.

The return shows that the state highway department agreed to contribute $18,000 out of a total estimated cost of $20,000 for the improvement; but apparently the actual total cost will be $30,000, so that the town must raise about $12,000 in some way to take care of its share of the improvement. This it proposes to do by assessment of properties benefited; but before that assessment was made this writ was allowed and goes not to the assessment but to the ordinance.

Our examination of this statute leads us to the conclusion that the legislature did not contemplate the levying of assessments to pay any portion of the cost of the improvement contemplated by this act of 1916 and its various supplements and amendments. There is nothing in the act of 1916, or in any later legislation, which mentions assessments in any way; and, on the contrary, there is a specific provision in section 6 of the act of 1916 which authorizes the municipal authorities (township committees in the original act, but enlarged to include all municipalities covered by the legislation) to raise the funds necessary for the work contemplated in the act, by including the same in the tax levy or by temporarily financing the project by borrowing moneys and issuing from time to time temporary notes or temporary bonds, &c. Also there is a specific provision that any municipality is "hereby authorized to accept contributions from any person or corporation toward meeting its share of the cost of this work." The clear intent of the statute seems to be that the greater part of the cost, not exceeding ninety per cent., is to be borne by the state highway fund, and that the municipality aided thereby is to finance the remainder out of tax levy, temporary bonds, and contributions from liberally disposed persons. The question of law, therefore, must be decided in favor of the prosecutor by holding that an improvement under this statute is not to be classed as a local improvement and not within the assessing powers of the municipality.

We think the question of fact must also be resolved in favor of the prosecutor. The original act in its title was restricted to the "unimproved township roads" of the state; and this word "unimproved" has been carried in the title down to date. See for example chapter 421 of the laws of 1933, already cited, section 1, where the title is amended to read "An act to provide for the proper construction, grading, drainage, maintenance and repair of unimproved town, township, village, and borough roads of the State, and unimproved roads in cities of the State, now or hereafter having a population of not more than six thousand inhabitants, and to provide State aid therefor."

It seems clear from the stipulation that Cortlandt Street, at the point in question, is not an "unimproved road." Apparently it ceased to be an unimproved road when the penetration macadam of seven inches thick was laid twenty-five years ago, and the fact that the paved surface, in the opinion of the engineer, is in need of reconstruction does not put any different face on the matter. Consequently Cortlandt Street is not in the class of roads covered by the statutory scheme.

For the above reasons the ordinances, so far as they contemplate an assessment against the property of the prosecutor will be set aside, with costs.